JUSTIN USADEL
on behalf of himself and all
others similarly situated,

Case No. 19-cv-788

    Plaintiff,

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

  v.

ARMOUR COATINGS INC.,

    Defendant

**JURY TRIAL DEMANDED**

## COMPLAINT

## PRELIMINARY STATEMENT

1.  This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Justin Usadel, on behalf of himself and all other similarly situated current and former non-exempt Production employees of Defendant, Armour Coatings Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid wages, including overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.  Defendant, Armour Coatings Inc., is a Germantown, Wisconsin corporation that is a self-described multi-metal job shop custom powder coater and sandblaster.

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprives current and former non-exempt Production employees of their wages earned for all compensable work performed each workweek, including the requisite overtime pay premium for each hour worked over forty (40) hours in a workweek. Specifically, Defendant's unlawful policies failed to compensate current and former non-exempt Production employees for all hours worked and work performed each workweek, including at an overtime rate of pay, by: (1) failing to compensate Production employees when compensable work commences and ceases by shaving time from said employees' timesheets by impermissibly rounding recorded hours of work for its own benefit (and to the detriment of said employees), in violation of the FLSA and WWPCL; and (2) failing to compensate Production employees for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, in violation of the WWPCL.

4.     Defendant's deliberate failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is located, and has substantial and systematic contacts, in this District.

## PARTIES

8.      Defendant is a Germantown, Wisconsin corporation with a principal place of business of N113W18950 Carnegie Drive, Germantown, Wisconsin 53022.

9.      Defendant's registered agent for service of process in the State of Wisconsin is Kevin Kelnhofer, located at N113W18950 Carnegie Drive, Germantown, Wisconsin 53022.

10.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned and operated a production facility in the State of Wisconsin, located at N113W18950 Carnegie Drive, Germantown, Wisconsin 53022.

11.     For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12.     For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

13.     Plaintiff, Justin Usadel, is an adult male resident of the State of Wisconsin who resides in Milwaukee County, Wisconsin and has a mailing address of 5951 North Lovers Lane, Apt. 103, Milwaukee, Wisconsin 53225.

14.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

15.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as a non-exempt, hourly Production employee at Defendant's Germantown, Wisconsin production facility.

16.     Plaintiff brings this action on behalf of himself and all other similarly-situated current and former Production employees who work at, worked at, and/or were employed by Defendant in the State of Wisconsin within the last three (3) years from the date of filing of the Complaint. Plaintiff performed similar job duties as other current and former non-exempt Production employees who work at, worked at, and/or were employed by Defendant and who were subjected to Defendant's same unlawful policies as enumerated herein.

17.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former non-exempt Production employees on whose behalf he brings this Complaint performed compensable Defendant's Germantown, Wisconsin production facility.

18.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other non-exempt Production employees' day-to-day activities.

19.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other non-exempt Production employees.

20.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other non-exempt Production employees.

21.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff and all other non-exempt Production employees abided in the workplace.

22.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's and all other non-exempt Production employees' employment.

23.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other non-exempt Production employees' work schedules and provided Plaintiff and all other non-exempt Production employees with work assignments and hours of work.

24.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other non-exempt Production employees were tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

25.     On or about May 4, 2015, Defendant hired Plaintiff as a non-exempt, hourly-paid Production employee working primarily at Defendant's Germantown, Wisconsin production facility.

26.     During Plaintiff's employment with Defendant, Plaintiff reported directly to Brad Dubnicka, General Manager, who reported directly to Kevin Kelnhofer, Owner.

27.     On or about May 7, 2019, Plaintiff's employment with Defendant ended.

28.     On a daily basis within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), and as part of Defendant's production process at its Germantown, Wisconsin production facility, Plaintiff and all other non-exempt Production employees worked

alongside each other performing work in various Production positions, departments, and/or physical areas of Defendant.

29.     Within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other non-exempt Production employees employed at Defendant's Germantown, Wisconsin production facility were subjected to Defendant's same unlawful policies and practices as enumerated herein.

30.     Within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other non-exempt Production employees employed at Defendant's Germantown, Wisconsin production facility generally worked in two scheduled, daily shifts: 5:30 a.m. to 1:30 p.m.; and 1:30 p.m. to 9:30 p.m.

31.     During Plaintiff's employment with Defendant, Plaintiff's customary daily scheduled shift was 5:30 a.m. to 1:30 p.m.

32.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Production employees were hourly-paid, non-exempt employees for FLSA and WWPCL purposes.

33.     Within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendant's established workweek for FLSA and WWPCL purposes was Monday through Sunday.

34.     Within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff and all other non-exempt Production employees frequently worked in excess of forty (40) hours per workweek.

35.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other non-exempt Production employees on a bi-weekly basis via check.

### DEFENDANT'S UNLAWFUL WRITTEN COMPENSATION POLICIES

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt Production employees with a written "Employee Handbook."

37.     Defendant's "Employee Handbook" was last revised in August 2012.

38.     Defendant's "Employee Handbook" contained the terms and conditions of employment for its hourly-paid, non-exempt Production employees, including Plaintiff.

39.     Defendant's "Employee Handbook" contained the company-wide, uniform policies applicable to its hourly-paid, non-exempt Production employees, including Plaintiff.

40.     Defendant's "Employee Handbook" contained the company-wide, uniform policies applicable to its hourly-paid, non-exempt Production employees, including Plaintiff, relating to hours worked, work performed, timekeeping, recordkeeping, and compensation.

41.     Defendant's "Employee Handbook" contained an "Attendance and Punctuality" policy that applied to its hourly-paid, non-exempt Production employees, including Plaintiff, that stated in part: "An employee is considered late upon arriving 6 minutes past their starting time of scheduled work hours and will be docked 15 minutes. An employee is not allowed to work the additional 6 minutes past their scheduled shift ending time in order to make up the time (clock rounding) without prior authorization from the Production Manager."

## DEFENDANT'S UNLAWFUL COMPENSATION POLICIES IN PRACTICE – TIMECLOCK ROUNDING

42.     For timekeeping and/or recordkeeping purposes, Plaintiff and all other non-exempt Production employees had unique employee identification numbers.

43.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and for timekeeping and/or recordkeeping purposes, Plaintiff and all other non-exempt Production employees record their hours worked via Defendant's electronic timekeeping system.

44.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees were subject to the same timekeeping policies and practices at Defendant.

45.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees recorded hours worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via Defendant's electronic timekeeping system.

46.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other non-exempt Production employees to record hours worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via Defendant's electronic timekeeping system.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant stored and retained timekeeping records regarding Plaintiff's and all other non-exempt Production employees' actual "clock in" times at the beginning of their shifts and "clock out" times at the end of their shifts each workday via its electronic timekeeping system.

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and immediately after using their unique employee identification numbers to "clock in" at the beginning of their shift each workday, Plaintiff and all other non-exempt Production employees performed compensable work.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and immediately before using their unique employee identification numbers to "clock out" at the end of their shift each workday, Plaintiff and all other non-exempt Production employees performed compensable work.

50.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other non-exempt Production employees' record of actual "clock in" and "clock out" times each work day via Defendant's electronic timekeeping system reflected actual hours worked.

51.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other non-exempt Production employees based on their actual "clock in" and "clock out" times each work day via its electronic timekeeping system. Instead, Defendant's policy in practice was to round Plaintiff's and all other non-exempt Production employees' actual "clock in" and "clock out" times each work day and to compensate Plaintiff and all other non-exempt Production employees based on these rounded "clock in" and "clock out" times.

52.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's rounding of Plaintiff's and all other non-exempt Production employees actual "clock in" and "clock out" times each work day via its electronic timekeeping system was always in its favor and to the detriment of Plaintiff and all other Production employees.

53.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to round Plaintiff's and all other non-exempt Production employees' actual "clock in" and "clock out" times each work day to the nearest quarter-hour (in fifteen (15) minute increments) in its favor and to the detriment of Plaintiff and all other Production employees.

54.     On a daily basis within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to round Plaintiff's and all other non-exempt Production employees' actual "clock in" times forward to the nearest quarter-hour in its favor and to the detriment of Plaintiff and all other Production employees. For example, during Plaintiff's employment with Defendant and if Plaintiff arrived to work on any given work day and "clocked in" at 5:20 a.m. and immediately began performing work prior to his 5:30 a.m. scheduled shift start time, Defendant's policy in practice was to round Plaintiff's "clock in" time forward to 5:30 a.m. for compensation purposes. Further, if Plaintiff arrived to work on any given work day and clocked in after his 5:30 a.m. scheduled shift start time, i.e. at 5:35 a.m., and immediately began performing work, Defendant's policy in practice was to nonetheless round Plaintiff's "clock in" time forward to 5:45 a.m. for compensation purposes.

55.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to round Plaintiff's and all other non-exempt Production employees' "clock in" times forward to the nearest quarter-hour in its favor and to the detriment of Plaintiff and all other Production employees.

56.     On a daily basis within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to round Plaintiff's and all other non-exempt Production employees' actual "clock out" times backwards to the nearest quarter-hour in its favor and to the detriment of Plaintiff and all other Production employees. For example, during Plaintiff's employment with Defendant and if Plaintiff "clocked out" at 1:25 p.m. on any given work day immediately after performing work, Defendant's policy in practice was to round Plaintiff's "clock out" time backward to 1:15 p.m. for compensation purposes. Further, if Plaintiff "clocked out" after his scheduled shift end time on any given work day, i.e., at 1:40 p.m., immediately after performing work, Defendant's policy in practice was to nonetheless round Plaintiff's "clock in" time backward to 1:30 p.m. for compensation purposes.

57.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to round Plaintiff's and all other non-exempt Production employees' "clock out" times backward to the nearest quarter-hour in its favor and to the detriment of Plaintiff and all other Production employees.

58.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to compensate Plaintiff and all other non-exempt Production employees on a bi-weekly basis based on the employees' rounded "clock in" times as opposed to hours actually worked each work day as reflected by said employees' actual "clock in" times via Defendant's electronic timekeeping system.

59. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to compensate Plaintiff and all other non-exempt Production employees on a bi-weekly basis based on the employees' rounded "clock out" times as opposed to hours actually worked each work day as reflected by said employees' actual "clock out" times via Defendant's electronic timekeeping system.

60. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and despite having a detailed record of time actually worked and/or work actually performed each work day by Plaintiff and all other non-exempt Production employees via its electronic timekeeping system, Defendant did not properly and lawfully compensate said employees for all hours actually worked and/or work performed each work day and each workweek.

## DEFENDANT'S UNLAWFUL COMPENSATION POLICIES IN PRACTICE – UNPAID MEAL PERIODS

61. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice required Plaintiff and all other non-exempt Production employees to use their unique employee identification numbers to "clock out" and then "clock back in" for lunch breaks each work day via its electronic timekeeping system.

62. On a daily basis within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees used their unique employee identification numbers to "clock out" for, and then "clock back in" from, their lunch breaks via Defendant's electronic timekeeping system.

63.     On a daily basis within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees performed compensable work immediately prior to "clocking out" for their lunch breaks via Defendant's electronic timekeeping system.

64.     On a daily basis within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other non-exempt Production employees for work performed immediately prior to "clocking out" for their lunch breaks via its electronic timekeeping system.

65.     On a daily basis within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees performed compensable work immediately after "clocking back in" from their lunch breaks via Defendant's electronic timekeeping system.

66.     On a daily basis within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other non-exempt Production employees for work performed immediately after "clocking back in" from their lunch breaks via its electronic timekeeping system.

67.     On a daily basis within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was not to compensate Plaintiff and all other non-exempt Production employees for the time during which said employees were "clocked out" for lunch breaks via its electronic timekeeping system.

68.     On a daily basis within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other non-exempt Production employees' lunch breaks did not last at least at least thirty (30) consecutive minutes in duration.

69.     On a daily basis within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees "clocked out" at the beginning of their lunch break and then "clocked back in" at the conclusion of their lunch break in the same manner less than thirty (30) consecutive minutes thereafter via Defendant's electronic timekeeping system in order to return to work at Defendant.

70.     Within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt Production employees faced discipline from Defendant if they failed to return from their lunch breaks in a timely manner.

71.     On a daily basis within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees did not take and/or were not provided a lunch break that lasted at least thirty (30) consecutive minutes in duration.

72.     Within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was not to compensate Plaintiff and all other non-exempt Production employees for lunch breaks that lasted at least thirty (30) consecutive minutes in duration.

**

73.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and weekly basis, compensate Plaintiff and all other non-exempt Production employees when compensable work commenced and ceased.

74. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other non-exempt Production employees for all hours actually worked each work day and each workweek.

75. Defendant's policies in practice failed to compensate and deprived Plaintiff and all other Production employees for all hours worked each workweek, including at an overtime rate of pay.

76. Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other non-exempt Production employees for all hours actually worked each workweek, including at an overtime rate of pay.

77. During weeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other Production employees at Defendant's Wisconsin location to work without being paid appropriate and lawful compensation for all hours worked.

78. Defendant was or should have been aware that it was shaving time from Plaintiff's and all other non-exempt Production employees' timesheets by rounding recorded hours of work for its own benefit (and to the detriment of said employees) each work day, thus failing to compensate when compensable work commenced and ceased each work day, in violation of the FLSA and WWPCL.

79. Defendant was or should have been aware that it failed to compensate Plaintiff and all other non-exempt Production employees for meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

80.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> **FLSA Collective:** All individuals employed by Defendant as a non-exempt Production employee within the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), who have not been compensated at an overtime rate of pay for any and all hours worked in excess of forty (40) hours in a workweek.

81.     Defendant, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective for all hours of compensable work performed during a workweek, which resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

82.     The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), by Plaintiff on behalf of the FLSA Collective.

83.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

84.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

85. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked, including overtime compensation.

86. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

87. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

88. Plaintiff brings this action on behalf of himself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **Wisconsin Class (Overtime):** All individuals employed by Defendant as a non-exempt Production employee in the State of Wisconsin within the two (2) year period immediately preceding the filing of this Complaint, (ECF No. 1), who have not been compensated at an overtime rate of pay for any and all hours worked in excess of forty (40) hours in a workweek.

> **Wisconsin Class (Agree-Upon Wage):** All individuals employed by Defendant as a non-exempt Production employee in the State of Wisconsin within the two (2) year period immediately preceding the filing of this Complaint, (ECF No. 1), who have not been compensated with earned and agreed-upon wages for any and all hours worked in a workweek.

> **Wisconsin Class (Unpaid Meal Periods):** All individuals employed by Defendant as a non-exempt Production employee in the State of Wisconsin within the two (2) year period immediately preceding the filing of this Complaint, (ECF No. 1), who were not compensated for on duty meal periods.

89. The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

90. The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of each of the Wisconsin Classes.

91. Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

92. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

93. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Classes members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

94. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the

Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

95. Defendant has violated the WWPCL regarding payment of overtime premium wages, agreed-upon wages, and meal periods. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

96. There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated, including at an overtime rate of pay; (3) Whether Defendant failed to pay the Wisconsin Classes for all work Defendant suffered or permitted them to perform, including at an overtime rate of pay; (4) Whether Defendant failed to compensate the Wisconsin Classes for on duty meal periods; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

97. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime**
**(Plaintiff on behalf of himself and the FLSA Collective)**

98.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

99.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

100.    At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

101.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

102.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

103.    Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

104.    Defendant suffered or permitted Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked. Specifically, Defendant failed to compensate Plaintiff and the FLSA Collective with overtime wages for hours worked in excess of forty (40) in a workweek.

105.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

106.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

107.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

108.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

109.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

110.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Overtime
### (Plaintiff, on behalf of himself and the Wisconsin Class (Overtime))

111.     Plaintiff, on behalf of himself and the Wisconsin Class (Overtime), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

112.     At all relevant times, Plaintiff and the Wisconsin Class (Overtime) were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

113.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class (Overtime) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

114.     At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class (Overtime) within the meaning of Wis. Stat. §§ 109.01 et. seq., 103.01 et. seq., 104.01 et. seq., and Wis. Admin. Code § DWD 272.01.

115.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class (Overtime) regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

116.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class (Overtime) overtime compensation.

117.     Throughout the Wisconsin Class Period, Defendant did not compensate Plaintiff and the Wisconsin Class (Overtime) for hours worked and/or work performed at an overtime rate of pay for all hours worked in excess of forty (40) hours a workweek.

118.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

119.     Defendant willfully failed to pay Plaintiff and the Wisconsin Class (Overtime) at an overtime rate of pay for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

120.     As set forth above, Plaintiff and the Wisconsin Class (Overtime) members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Overtime) seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Overtime) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

121.     Plaintiff and the Wisconsin Class (Overtime) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**THIRD CLAIM FOR RELIEF**
**Violation of the WWPCL - Failure To Pay An Agreed Upon Wage**
**(Plaintiff, on behalf of himself and the Wisconsin Class (Agreed-Upon Wage))**

122.    Plaintiff, on behalf of himself and the Wisconsin Class (Agreed-Upon Wage), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

123.    Throughout the Wisconsin Class Period, Defendant failed to compensate the Wisconsin Class (Agreed-Upon Wage) for all hours worked and work performed, including but not limited to at an agreed-upon wage, as defined in Wis. Stat. § 109.01(3), including at the Wisconsin Class (Agreed-Upon Wage) members' normal and previously agreed-upon regular rate of pay for all hours worked and work performed each workweek. As such, Plaintiff and the Wisconsin Class (Agreed-Upon Wage) are entitled payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for all hours worked and work performed each workweek.

124.    Defendant violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Class (Agreed-Upon Wage) for through the impermissible policies and practices described above.

125.    As set forth above, Plaintiff and the members of the Wisconsin Class (Agreed-Upon Wage) have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Agreed-Upon Wage) seek damages in the amount of Plaintiff's and the Wisconsin Class (Agreed-Upon Wage) members' respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under Wis. Stat. § 109.11, Plaintiff and

the Wisconsin Class (Agreed-Upon Wage) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

126.    Plaintiff and the Wisconsin Class (Agreed-Upon Wage) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

**FOURTH CLAIM FOR RELIEF**
**Violations of the WWPCL – Unpaid Meal Periods**
**(Plaintiff, on behalf of himself and the Wisconsin Class (Unpaid Meal Periods))**

127.    Plaintiff, on behalf of himself and the Wisconsin Class (Unpaid Meal Periods), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

128.    At all relevant times, Plaintiff and the Wisconsin Class (Unlawful Deductions) were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

129.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class (Unpaid Meal Periods) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

130.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class (Unpaid Meal Periods) within the meaning of Wis. Stat. §§ 109.01 et. seq., 103.01 et. seq., 104.01 et. seq., and Wis. Admin. Code § DWD 272.01.

131.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class (Unpaid Meal Periods) regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

132.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class (Unpaid Meal Periods) compensation.

133.     During the Wisconsin Class Period, Wis. Admin. Code § DWD 274.02(3) was applicable to Wisconsin Class (Unpaid Meal Periods) members' employment with Defendant, which states: "The employer shall pay all employees for on-duty meal periods, which are to be counted as work time. An on-duty meal period is a meal period where the employer does not provide at least 30 minutes free from work. Any meal period where the employee is not free to leave the premises of the employer will also be considered an on-duty meal period."

134.     During the Wisconsin Class Period, Defendant's policy in practice failed to compensate the Wisconsin Class (Unpaid Meal Periods) for on duty meal periods when the Wisconsin Class (Unpaid Meal Periods) members performed compensable work, were not completely relieved from duty for the purpose of eating a regular meal, and/or were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes.

135.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

136.     As set forth above, Plaintiff and the Wisconsin Class (Unpaid Meal Periods) members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Unpaid Meal Periods) seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis.

Stat. § 109.11, Plaintiff and the Wisconsin Class (Unpaid Meal Periods) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

137.     Plaintiff and the Wisconsin Class (Unpaid Meal Periods) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former non-exempt Production employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Production employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Production employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Production employees damages in the form of compensation for unpaid meal periods under the WWPCL;

h) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Production employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

i) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated non-exempt Production employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

j) Provide Plaintiff and all other similarly-situated non-exempt Production employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 28th day of May, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com